IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 2, 2012

**EDNA H. IRWIN, v. CHRISTOPHER MARTIN ANDERSON**

**Appeal from the Circuit Court for Anderson County**
**No. A9LA0569    Hon. Donald R. Elledge, Judge**

**No. E2012-00477-COA-R3-CV-FILED-DECEMBER 17, 2012**

Plaintiff received serious injuries in an automobile accident, when she turned left in front of the oncoming vehicle operated by defendant. The suit resulted in a jury trial wherein the jury returned a verdict for defendant, which was approved by the Trial Judge. On appeal, we affirm the Trial Judge's Judgment.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Dail R. Cantrell, Clinton, Tennessee, for the appellant, Edna H. Irwin.

George H. Buxton, Oak Ridge, Tennessee, for the appellee, Christopher Martin Anderson.

**OPINION**

Plaintiff filed a Complaint against defendants, Christopher Anderson and Jeffrey Cox, alleging that on February 15, 2009, she was driving her car westbound on Longmire Road, and defendant Anderson was driving a truck (owned by defendant Cox) eastbound on Longmire Road, and when plaintiff was turning left into Windwood Nursing Home, defendant Anderson's vehicle struck her. Plaintiff alleged that Anderson was traveling at an excessive rate of speed, that he failed to yield the right-of-way, and failed to give due regard to the safety of others. Plaintiff averred that Anderson was uninsured/underinsured, and that

she had uninsured motorist coverage through State Farm. Plaintiff alleged that, due to Anderson's negligence, she suffered injuries and incurred medical expenses, and had suffered a permanent physical impairment, and sought a jury trial and damages exceeding $775,000.

Defendants answered, denied liability, and denied that they were uninsured. They pled comparative negligence as an affirmative defense, stating that plaintiff made an improper turn and failed to yield the right-of-way. The Court later allowed plaintiff to amend her Complaint, to state that Anderson was guilty of violating multiple statutes.

A jury trial ensued, and after numerous witnesses testified, the issues were submitted to the jury. Following jury deliberations, a verdict was returned for defendant. The Trial Court entered a Judgment for defendant.

Plaintiff filed a Motion for New Trial and the Trial Court entered an Order Overruling Motion, and found that the jury's verdict was in accordance with the law and the evidence.

Plaintiff appealed and raised these issues:

1. Whether the Trial Court erred by allowing prejudicial testimony and inadmissible opinion testimony related to causation to come before the jury through a lay witness?

2. Whether the Trial Court abused its discretion when acting as the thirteenth juror in failing to grant the Appellant's Motion for New Trial?

Plaintiff asserts that the Trial Court erred in allowing Harmon to testify regarding his conversation with defendant immediately after the accident, wherein defendant stated, "she pulled out in front of me", and Harmon replied, "yeah, it looked like it." Plaintiff argues this testimony was inadmissible and prejudicial hearsay, and was also an inadmissible lay opinion regarding causation.

Appellee concedes this statement made by Harmon outside the courtroom is hearsay, but asserted that it falls under the hearsay exception of "excited utterance". Tenn. R. Evid. 803(2) provides that a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is considered an excited utterance, and is an exception to the hearsay rule. As this Court has explained:

The excited utterance hearsay exception requires proof of several elements: (1) a startling event or condition, (2) the statement must relate to the startling event or

-2-

condition, and (3) the statement must be made under the stress of excitement.

*State v. Lane*, 1993 WL 523534 (Tenn. Ct. App. Dec. 15, 1993), citing Neil P. Cohen et al., Tennessee Law of Evidence, § 803(2).2 (2d ed. 1990).

In this case, the car accident was a startling event, as prior cases have deemed car accidents to be startling events, and Harmon obviously considered it as such, based upon his testimony regarding the force of the impact and his fear regarding the drivers' conditions. *See Davidson v. Lindsey*, 104 S.W.3d 483 (Tenn. 2003). Harmon's statement was made immediately after the startling event, while Harmon was still under the stress of excitement. As this Court has previously explained:

> [T]he ultimate test is spontaneity and logical relation to the main event, and where an act or declaration springs out of the transaction while the parties are still laboring under the excitement and strain of the circumstance and at a time so near it as to preclude the idea of deliberation and fabrication, it is to be regarded as contemporaneous within the rule.

*Collier v. Davis*, 1994 WL27619 (Tenn. Ct. App. Feb. 3, 1994).

Plaintiff concedes in her brief that the context of the statement was: "Immediately after a serious motor vehicle accident Mr. Harmon is getting out of his vehicle to check on the status of Mrs. Irwin who had received potentially life-threatening injuries. At that moment he was immediately confronted by the Defendant". Clearly, this statement by Harmon meets the requirements of an excited utterance, and, as such, was not inadmissible hearsay.

Plaintiff further argues that the statement was an inadmissible lay opinion. Tenn. R. Evid. 701 states that if "a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Plaintiff relies upon the case of *Blackburn v. Murphy*, 737 S.W.2d 529 (Tenn. 1987), wherein the Supreme Court ruled that the testimony of a lay witness that a car accident could not have been avoided due to icy road conditions was an inadmissible lay opinion.

In this case, Harmon's "lay opinion" simply reiterated an undisputed fact, i.e., that the plaintiff turned in front of the defendant. As the Trial Court noted, this statement was really a nonissue because there was no question that the plaintiff turned in front of the defendant, and the real issues which the jury had to determine were how fast the parties were traveling,

whether the turn was safely made or whether plaintiff should have seen the defendant coming, and whether defendant had time to see plaintiff turning and react to avoid the accident. Harmon's testimony was not an opinion as to causation as such, but was the restatement of a fact already in evidence. Assuming, arguendo, that Harmon's statement is a lay opinion, he simply testified regarding an event he observed, and did not testify regarding a matter requiring "special knowledge, skill, experience, or training, or that would otherwise prejudice the opposing party by misleading the trier of fact." Neil P. Cohen et al., Tennessee Law of Evidence, § 701.3 (3d ed. 1995). Moreover, Harmon's statement was "merely cumulative on matters shown by other admissible evidence". *See Newcomb v. Kohler*, 222 S.W.3d 368, 385 (Tenn. Ct. App. 2006). This testimony could be deemed harmless error.

Plaintiff further argues that the Trial Court erred in approving the jury's verdict in its role as thirteenth juror, as the verdict was against the weight of the evidence. When the Trial Court approves the jury's verdict by denying a motion seeking a new trial, this Court's scope of review is limited to whether there is any material evidence to support the verdict. *Cooper v. Tabb*, 347 S.W.3d 207 (Tenn. Ct. App. 2010). When reviewing the evidence, we must take the strongest legitimate view of all the evidence in favor of the verdict; assume the truth of all evidence that supports the verdict; allow all reasonable inferences to sustain the verdict; and discard all countervailing evidence. *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978). Where the record contains " any material evidence to support the verdict, [the jury's findings] must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury." *Id.*

There is substantial material evidence in this record to support the jury's verdict. As the Trial Court stated, "she turned into the path, his oncoming path. Who should have seen him first? She should have. He couldn't see her first. She should have." We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to plaintiff, Edna H. Irwin.

_____
HERSCHEL PICKENS FRANKS, P.J.